**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC., <br>               Plaintiff, <br><br>      v. <br><br> MORLEY TATRO, <br> d/b/a CAMBRIDGE LSAT <br>               Defendant. | Civil Action No. 15:5219-MAK |

## REPORT OF RULE 26(f) MEETING

A Rule 26(f) conference was conducted in this matter between John V. Gorman, lead counsel for Plaintiff Law School Admission Council, Inc., and Morley Tatro, the defendant, who is representing himself *pro se* in this lawsuit.   In accordance with Federal Rule of Civil Procedure 26(f), the parties submit the following report of their meeting for the Court's consideration at the initial pretrial conference on November 5, 2015:

**1.**     **Discussion of Specific Claims, Defenses and Relevant Issues**

*<u>Plaintiff's Position</u>*:

Plaintiff Law School Admission Council, Inc. ("LSAC" or "Plaintiff") owns copyrights in all of its Law School Admission Tests ("LSATs"), instructions, answers, answer keys, and materials related to each LSAT test (collectively, "LSAT Materials").

Despite repeated requests that defendant Morely Tatro, d/b/a Cambridge LSAT ("Cambridge LSAT" or "Defendant") cease offering for sale unauthorized copies of LSAT Materials, Cambridge LSAT refused.  Thus, LSAC brought the instant lawsuit seeking to put an end to Cambridge LSAT's copyright infringement and protect LSAC's proprietary intellectual

property.  As is evident from Cambridge LSAT's website, Cambridge LSAT continues to sell and offer to sell LSAT Materials today despite having no legal right to do so.

In order to support its copyright infringement claims, LSAC immediately seeks discovery regarding the following threshold issues:

1.  <u>Cambridge LSAT's Use of LSAC's Copyrighted Materials</u> – LSAC seeks discovery regarding Cambridge LSAT's use, reproduction, distribution, public display, and/or creation of derivative works encompassing LSAT Materials or products incorporating LSAT Materials.  LSAC also seeks discovery regarding Cambridge LSAT's distribution of LSAT Materials or products incorporating LSAT Materials to third-parties.  LSAC's discovery relates to Cambridge LSAT's unlicensed activity, including activity that occurred prior to August 15, 2015 that exceeded the scope of Cambridge LSAT's license.

2.  <u>Damages</u> – LSAC seeks discovery regarding Cambridge LSAT's revenues received and/or profits made relating to use of LSAT Materials and products containing LSAT Materials.

3.  <u>Willfulness</u> – LSAC seeks discovery regarding Cambridge LSAT's decision to continue offering for sale, selling, and distributing LSAT Materials and products incorporating LSAT Materials despite having no legal right to do so.

Defendant has filed an untimely motion to dismiss, and has not otherwise responded to the Complaint.  As such, he has, at a minimum, waived all defenses and counterclaims due to his failure to timely respond to the Complaint, including any purported license defense.

***Defendant's Position***:

Cambridge LSAT's use of the LSAT Materials was and is specifically authorized by the executed Licensing Agreement (June of 2015).  Although Plaintiff purports to have terminated said license, it failed to provide the requisite 30-day notice to cure any perceived defects in Cambridge LSAT's use of the LSAT Materials, and thus the license was never properly terminated. In failing to perform its contractual duties to Cambridge LSAT, Plaintiff has breached the Licensing Agreement.

Since Plaintiff is alleging infringement from August 15, 2015 forward, Cambridge LSAT seeks to limit the scope of Plaintiff's discovery to the same period.

**2.    Informal Disclosures**

Plaintiff served its initial disclosures pursuant to Fed. R. Civ. P. 26(a) on October 16, 2015.

Defendant has informed Plaintiff that he is mailing initial disclosures today, November 2, 2015.

To assist LSAC in evaluating settlement of this matter, LSAC has requested that Defendant provide LSAC with information and documentation of his sales of materials utilizing LSAC's copyrights, but Defendant has not done so.

**3.    Formal Discovery**

LSAC has served requests for production of documents and interrogatories directed to Cambridge LSAT.   In addition to written discovery, LSAC may take the deposition of Defendant and others who may have relevant knowledge.   LSAC also may propound third-party discovery on persons or entities who purchased LSAT Materials or products containing LSAT Materials from Cambridge LSAT.

The parties do not believe there is a need to conduct discovery in phases.

The parties requests that the discovery deadline be set for February 5, 2016 – three months from the date of the Initial Pretrial Conference.

LSAC proposes that the parties enter into a stipulated protective order to address, *inter alia*, inadvertent privilege waivers.   Defendant is undecided about entering into such a stipulation.

**4.      Electronic Discovery**

The parties have agreed not to produce metadata in the first instance, but to meet and confer to discuss production of metadata in specific instances as necessary.  The parties further agree that discovery of electronically stored information will be of custodians who are (1) likely to possess communications between the parties or (2) likely to possess non-privileged documents regarding Cambridge LSAT's use of LSAT Materials or materials incorporating LSAT Materials.

**5.      Expert Witness Disclosures**

The parties propose the following schedule regarding expert discovery:

    a)  Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than January 14, 2016.

    b)  If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than January 29, 2016.

    c)  Expert depositions, if any, shall be concluded no later than February 5, 2016.

**6.      Settlement or Resolution**

The parties have discussed settlement, but these discussions have not led to a resolution.

***<u>Plaintiff's Position</u>***:

LSAC understands its ADR options.  LSAC believes that an early, in-person settlement conference with Magistrate Judge Heffley would be beneficial.

***Defendant's Position***:

Defendant believes that an early, telephonic settlement conference with Magistrate Judge Heffley would be beneficial.

**7.    Trial**

LSAC, its attorneys, and Defendant do not have any irreversible conflicts from April – June 2016 with the exception of the following dates: April 1, 2015; May 5-7, 2015; and June 1-12.

**8.    Referral to Magistrate Judge**

LSAC does not consent to referral of this case to Magistrate Judge Heffley for trial.

Defendant is undecided as to whether he will consent to referral of the case to Magistrate Judge Heffley for trial.

**9.    Other Matters**

None.

Respectfully submitted,

*/s/ John V. Gorman*
John V. Gorman (PA Bar No. 80631)
jgorman@morganlewis.com
Amy M. Dudash (PA Bar No. 311898)
adudash@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  215.963.5000
Fax:  215.963.5001

Anita B. Polott (*pro hac vice* application
forthcoming)
apolott@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington, DC  20004-2541

*/s/ Morley Tatro*
Morley Tatro
d/b/a Cambridge LSAT
rippinradio@yahoo.com
303 E. Elmwood Ave., Unit 304
Burbank, CA  91502-2605

*Pro Se Defendant*

Tel:  202.739.3000
Fax:  202.739.3001

*Counsel for Plaintiff Law School Admission*
*Council, Inc.*