IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC. : <br> : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> MORLEY TATRO : <br> : <br>     Defendant : | Civil Action No.: 15-cv-05219 <br><br><br> Honorable Mark A. Kearney |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S AMENDED MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2) AND FED. R. CIV. PROC. 12(b)(3)**

Defendant Morley Tatro ("Defendant" or "Tatro"), through undersigned counsel, hereby submits his "Memorandum in Support of Defendant's Amended Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(2) and Fed. R. Civ. Proc. 12(b)(3)."

**FACTUAL BACKGROUND**

Defendant produces and sells Law School Admissions Test ("LSAT") materials via the Internet. Cambridge LSAT is a dba of Tatro, the sole owner, and is not an incorporated entity. *See* Exhibit #1, Declaration of Morley Tatro at ¶ 3, 4. Defendant Tatro resides in Burbank, California, and Cambridge LSAT has its principal office and place of business in Southern California, approximately 2,700 miles from the United States District Court for the Eastern District of Pennsylvania. *See id.* at ¶ 2, 3, 13. Cambridge LSAT materials are published on the Internet and are available to anyone who wishes to access the website or the third party vendors, like Amazon and CreateSpace, that may offer the content for sale via their own platforms. *See id.* at ¶ 5. Cambridge

1

LSAT regularly receives traffic from all over the world. *See id*. The content of the Cambridge LSAT website is presented in exactly the same fashion to any Internet visitor, regardless of that visitor's physical location. For example, if a visitor from France accessed Cambridge LSAT with their web browser, that visitor would be presented with the identical content as an Internet visitor from Virginia, California, Montana, Pennsylvania or Texas. *See id.* at ¶ 6. The Cambridge LSAT website is published to a web server and offers the identical content and user experience to anyone that may seek to access the website. The website is not "more" or "less" available to any one Internet visitor compared to any other Internet visitor. *See id.* at ¶ 7.

Defendant Tatro has never personally been to Pennsylvania. *See id.* at ¶ 8. Cambridge LSAT does not directly advertise in Pennsylvania, and does not contract to supply services or goods in Pennsylvania. *See id.* at ¶ 9, 10. Furthermore, Cambridge LSAT has never caused tortious injury by an act or omission in the Commonwealth of Pennsylvania; even if Defendant were liable for copyright infringement, which it denies, the infringement would have occurred in California. *See id.* at ¶ 11. Finally, Cambridge LSAT does not solicit business, engage in any other persistent course of conduct or derive substantial revenue in Pennsylvania. *See id.* at ¶12.

## ARGUMENT

It is undisputed in this matter that Tatro is a resident of California. Because Tatro is not a resident of Pennsylvania, this Court must consider whether it possesses lawful personal jurisdiction over Tatro.

### A. Standard of Review

"When a defendant files a motion to dismiss pursuant to Rule 12(b)(2), the burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and while the court

can accept plaintiff's allegation of jurisdiction as true for the purposes of a motion to dismiss, once a defendant has raised a jurisdictional defense, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Farber v. Tennant Truck Lines*, 84 F. Supp. 3d 421, 426 (E.D. Pa. 2015) (citing *Gutierrez v. N. Am. Cerruti Corp.*, 2014 U.S. Dist. LEXIS 169890 (E.D. Pa. Dec. 9, 2014)). "Although all allegations in the complaint are taken as true, a plaintiff may not solely rely on bare pleadings to satisfy his jurisdictional burden. Rather, the plaintiff must offer evidence that establishes with reasonable particularity sufficient contact between the defendant and the forum state to support jurisdiction." *Poole v. Sasson*, 122 F. Supp. 2d 556, 557 (E.D. Pa. 2000) (citing *Carteret Savings Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990)).

### B. Plaintiff Has Not Established Personal Jurisdiction Over Defendant in Pennsylvania

In order for a court to exercise personal jurisdiction over a nonresident defendant, the plaintiff must show that the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The Pennsylvania long-arm statute provides for the exercise of both general and specific jurisdiction; the characterization of the personal jurisdiction depends on the nature of the contacts between the defendant and the forum state. *See Lehigh Coal & Navigation Co. v. Geko-Mayo, GmbH*, 56 F. Supp. 2d 559, 565 (E.D. Pa. 1999). To apply general jurisdiction, a defendant must have "continuous and systematic contacts with the forum state." *Id*. (citing *Helicopteros Nactionales de Colombia v. Hall*, 466 U.S. 408, 414 n.9 & 416 (1984)). A forum state may exert specific jurisdiction over a

3

defendant if it has 1) "purposefully directed" its activities at the forum or its residents, and 2) if the plaintiff's claim "arises out of or relates to" one of those specific activities. *Atl. Pier Assocs., LLC v. Boardakan Rest. Partners*, 647 F. Supp. 2d 474, 484 (E.D. Pa. 2009).

### 1. General Jurisdiction

"To exercise general jurisdiction, a plaintiff must show that a defendant has maintained *continuous* and *substantial* forum affiliations." *Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd.*, 64 F. Supp. 2d 448, 450 (E.D. Pa. 1999) (quoting *Reliance Steel Prods. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982)) (emphasis added). In the present matter, Defendant has not developed sufficient contact or business activities within the Commonwealth of Pennsylvania to rise to the levels required for general jurisdiction. Cambridge LSAT is based in California, and does not own offices, conduct continuous and substantial business, direct marketing, or otherwise conduct substantial, continuous, or systematic business in Pennsylvania. Because general jurisdiction is not available, Plaintiff must demonstrate that specific jurisdiction is appropriate.

### 2. Specific Jurisdiction

Pennsylvania may exert specific jurisdiction over a defendant conducting business online if the defendant has 1) "purposefully directed" its activities at the forum or its residents, *and* 2) if the cause of action arises out of those directed activities. *Atl. Pier Assocs., LLC v. Boardakan Rest. Partners*, 647 F. Supp. 2d 474, 484 (E.D. Pa. 2009) (emphasis added). When determining specific jurisdiction in tort, the court asks whether the foreign defendant "purposefully directed" its activities at the forum state. *See id*.

*a. Defendant has not purposefully directed activities at the forum state or purposefully*

*availed itself of acting in the forum.*

Defendant did not commit any intentional act in Pennsylvania sufficient to establish personal jurisdiction here. Cambridge LSAT is based in California, and does not own offices, conduct substantial business, direct marketing, or otherwise conduct substantial, continuous, or systematic business in Pennsylvania. *See* Exhibit #1 at ¶ 3, 9, 10, 12. Defendant has engaged in an insubstantial number of business interactions with individuals in Pennsylvania, and its interactions in Pennsylvania are not a substantial part of Defendant's business. *See id.* at ¶ 5. Furthermore, many of the interactions with Pennsylvania may have occurred through third parties, over whose conduct Defendant has no control. *See id*. Plaintiff cannot demonstrate that Defendant committed any intentional act in Pennsylvania.

*b. Defendant's activities in the forum state do not give rise to the cause of action.*

As explained in *Atl Pier Assocs.*, the second component of the jurisdictional analysis is whether the cause of action arises out of the directed activities. 647 F. Supp. 2d at 484.

The present matter is a relatively typical copyright Complaint, where a Plaintiff brings suit in its home forum for its convenience. In the present matter, it is alleged that "Law School Admission Council, Inc. is a Delaware corporation with its principal place of business at 662 Penn Street, Newtown, Pennsylvania 18940." *See* Complaint at ¶ 1. While Plaintiff certainly has the opportunity to attempt to demonstrate personal jurisdiction over Defendant, Federal courts routinely reject such efforts by "home base" plaintiffs. See e.g. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 n.6 (9th Cir. 1997); *Vitamins Online v. Dynamic Indus.*, 2014 U.S. Dist. LEXIS 17258, *5 (D. Utah, February 10, 2014) (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1242 n.5 (10th Cir. 2011)). Even if Defendant is infringing Plaintiff's intellectual property rights, which Defendant fully denies, such infringement would be happening in California, where Defendant is located and where Defendant

5

operates its business.

Plaintiff's allegations of infringement of intellectual property do not depend upon any of Defendant's alleged operation in Pennsylvania. Plaintiff's cause of action would arise regardless of whether Pennsylvania consumers had purchased Defendant's allegedly infringing goods. As demonstrated, Plaintiff's claims do not arise out of Defendant's forum-related activity, but out of Defendant's activities in California. A "but-for" causation analysis is accordingly unmet in the instant case.

### C. Exercise of Personal Jurisdiction over Defendant Would Offend Traditional Notions of Fair Play and Substantial Justice

Even in the rare case where personal jurisdiction may be possible under the long arm statute, the exercise of jurisdiction over Defendant would far exceed the bounds of the Due Process clause. In seeking jurisdiction over a defendant, a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). "Although the second requirement [fair play and substantial justice] is discretionary, the United States Court of Appeals for the Third Circuit generally engages in this analysis." *George Young Co. v. Bury Bros., Inc.*, 2004 U.S. Dist. LEXIS 8985 (E.D. Pa. April 1, 2004) (citing *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 201 (3d Cir. 1998). In evaluating these notions, courts must ensure that "the Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)). Therefore, in determining whether it may exercise jurisdiction over a non-resident defendant, this Court must consider:

> The burden on the defendant, the interests of the forum State, and the plaintiff's

> interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 105, 107 S.Ct. 1026, 1028 (1987) (*quoting World-Wide Volkswagen*, 444 U.S. at 292). In Pennsylvania, because the long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment, "the two-part personal jurisdiction inquiry essentially collapses into the second part of the inquiry – whether the exercise of personal jurisdiction is consistent with due process." *George Young Co. v. Bury Bros., Inc.*, 2004 U.S. Dist. LEXIS 8985. Because Defendant's presence in the purported forum state is so minimal, adjudicating a claim against Defendant in Pennsylvania is unreasonable and inconsistent with principles of "fair play and substantial justice."

### 1. Defending Plaintiff's Claims in Pennsylvania Would be Burdensome on Defendant

Defendant is based in California. The expense and burden of traveling the more than 2,700 miles from California to appear in this forum, likely several times, will be immense. Expending such funds on merely accessing the forum to defend itself, Defendant would be placed at a severe disadvantage in comparison to the Plaintiff, whose principal place of business operations are in Pennsylvania. This burden is made all the more unreasonable when compared to the nominal amount of sales enjoyed by Defendant. Defendant is a small business. On the other hand, Plaintiff is a large, nationwide non-profit, and would be far less burdened by the demands of travelling across the country to litigate its claims. The burden imposed upon the Defendant to litigate in Pennsylvania is so severe and comparatively unfair that it would rise to the level of a violation of due process.

2. <u>Plaintiff's Interest in Convenience Does Not Outweigh Goals of Fair Play and Substantial Justice</u>

While trying the case in Pennsylvania would be more convenient for the Plaintiff, exercising jurisdiction over a defendant must not "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The costs imposed upon a Defendant that enjoys only minimal profits from sales would be severe if the instant case is heard in Pennsylvania, placing the Defendant at a real and significant disadvantage as compared to the Plaintiff. Such an immense burden offends the traditional notions of fair play and outweighs the Plaintiff's interests in trying its claims in a forum that is exclusively convenient to its interests.

3. <u>Trying Plaintiff's Case in Pennsylvania Would Cause Inefficiency</u>

Trying a case against Defendant in Pennsylvania would cause substantial judicial inefficiency. Defendant's business, records, and operations are all located in California, as are all individuals likely to be deposed in the instant case. Trying the case in a forum so distant from all operations of the Defendant is likely to increase inefficiency and slow the judicial process unnecessarily. This factor increases the unreasonableness of exercising personal jurisdiction in a Pennsylvania court.

4. <u>Numerous States Bear Interest in Adjudicating this Matter</u>

The Supreme Court has explained that there is "shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co., 480 U.S. at 105*. Pennsylvania, in this case, perhaps bears an interest in adjudicating cases that protect its residents and businesses from infringement of their intellectual property. However, California, the home state of the Defendant, likewise has an interest in regulating the operation of businesses established in that State. Both states would be appropriate and effective forums for adjudicating the Plaintiff's claims. Pennsylvania does not have any interest that is substantially superior to California, or any other state, in adjudicating this case. This final factor again weighs in favor of a finding that jurisdictional

"substantial justice" cannot be established in this Court.

### D. Venue is not Proper in this District

Even if the Court were to find that it has personal jurisdiction over Defendant, the Court should nonetheless dismiss this case because venue is improper in this district. Plaintiff's Complaint mentions nothing about venue. Nevertheless, 28 U.S.C. § 1391(a) states that, in cases where, as here, jurisdiction is premised on diversity, venue is proper only in:

> (1) a judicial district where any defendant resides . . . , (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction . . . , if there is no district in which the action may otherwise be brought.
> 28 U.S.C. § 1391(a).

None of those three alternatives are met in this case. Defendant does not reside in Pennsylvania. Additionally, as discussed more fully above, Defendant is not subject to personal jurisdiction in Pennsylvania, nor does the Complaint allege any facts in support of a claim that a substantial part of the events or omissions giving rise to the claim occurred in Pennsylvania. Accordingly, this case should be dismissed for improper venue.

### E. This Action Should Be Dismissed, Or, In the Alternative, Stayed, Until Resolution of the Prior Pending Action in California

Even if the Court has jurisdiction over Defendant, the Court should dismiss the action because Defendant has a prior pending suit against Plaintiff in the Central District of California, which was filed before the present suit in the Eastern District of Pennsylvania. *See* Exhibit #2. The outcome of this prior suit will substantially affect the present suit, and may render it moot.

A court "has inherent power to regulate matters of judicial administration relating to actions pending before it and may, at its discretion, stay proceedings." *Western Franklin Mills Corp. v. FMG, Inc.*, 1991 U.S. Dist. LEXIS 9260 (E.D. Pa. July 9, 1991) (citing *Landis v. North American*

*Co.*, 299 U.S. 248 (1936). As part of this power, a court can "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id*. (quoting *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207 (3d Cir. 1976). Where there is "a pending action between 'the same parties, involving the same or controlling issues, [it] is an appropriate means of avoiding unnecessary duplication of judicial machinery.'" *Id.* (quoting *Castanho v. Jackson Marine, Inc.*, 484 F. Supp. 201 (E.D. Tex. 1980).

Additionally, under the "first-filed rule," "in cases of federal concurrent jurisdiction involving the same parties and issues, the court of first-filing *must* proceed to decide the matter." *Zelenkofske Axelrod Consulting L.L.C. v. Stevenson*, 1999 U.S. Dist. LEXIS 12137 (E.D. Pa. Aug. 5, 1999) (emphasis added) (citing *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd* 493 U.S. 182, 107 L. Ed. 2d 571, 110 S. Ct. 577 (1990)). "Departures from the rule are *rare* and the second action should proceed only in *exceptional circumstances*." *Zelenkofske*, 1999 U.S. Dist. LEXIS 12137 (citing *Crosley Co. v. Westinghouse Electric & Mfg. Co.*, 130 F.2d 474, 476 (3d Cir. 1942; *Fischer & Porter Co. v Moorco Intern., Inc.*, 869 F. Supp. 323, 325 (E.D. Pa. 94)) (emphasis added). Furthermore, "even where the first-filed action is one for a declaratory judgment…the first-filed rule applies." *Id.*

Defendant Tatro (who is the Plaintiff in the California matter)[1] filed suit against Plaintiff LSAC (who is the Defendant in the California matter) and Does 1-50 in the Superior Court of the State of California on August 31, 2015. *See* Exhibit #2. The case was removed to the Central District of California on September 29, 2015.[2] *See id.* Pursuant to November 19, 2015 Civil Minutes,

---

1  In this matter, Defendant Tatro will continued to be referred to as "Defendant," with the acknowledgement that he is the Plaintiff in the California case being discussed. Similarly, Plaintiff LSAC will continued to be referred to as "Plaintiff."
2  Case No. 2:15-cv-07627-RGK-JEM

10

Defendant's claims, except for that alleging breach of the Licensing Agreement, were dismissed with prejudice. The claim alleging breach of the Licensing Agreement was dismissed, but with leave to amend. Accordingly, Defendant filed an Amended Complaint regarding the claim on November 30, 2015. *See* Exhibit #3. In this Amended Complaint, Defendant challenges the rights, duties, and obligations of the parties pursuant to the Licensing Agreement, and requests declaratory judgment of those rights, duties, and obligations. *See id*. The outcome of this prior suit will have a direct and substantial effect on the present litigation. Accordingly, the present litigation should be dismissed, or, in the alternative, stayed until the conclusion of the prior suit.

Furthermore, the present suit was not filed by Plaintiff until September 18, 2015. Therefore, Defendant's suit in the Central District of California is the first-filed suit. The two suits at issue involve the same parties, as well as the same issues, and, accordingly, the court of first-filing – here, the Central District of California – must proceed to decide the matter. Therefore, this Court should dismiss Plaintiff's case, based on applicable law, and allow the matter to be fully decided in California.

## CONCLUSION

Dismissal of this matter is proper for numerous reasons. First, Defendant has not established substantial contact or purposefully directed business activity into Pennsylvania. Defendant has never specifically solicited the business of Pennsylvania consumers, nor has it purposefully availed itself of the privileges of the forum. Based on the foregoing law and facts, Defendant does not possess sufficient minimum contacts with the forum state to establish general or specific personal jurisdiction in this forum. Second, even if contacts were sufficient, traditional notions of fair play and substantial justice require dismissal. Finally, a prior pending case exists in the Central District of

California. Because the California suit was filed first, the California court deserves deference as to the resolution of the claims in this matter. Therefore, Defendant respectfully requests that Plaintiff's claims be dismissed.

Respectfully submitted,

/s/Eric J. Menhart*
Eric Menhart, Esq.
Lexero Law
316 F St. NE, Suite 101
Washington, DC 20002
Phone: 855-4-LEXERO (855-453-9376) Ext. 101
Fax: 855-4-LEXERO (855-453-9376)

/s/Julie D. Lathia
Julie D. Lathia, Esq.
The Law Offices of Julie D. Lathia, Esq.
212 West Gay Street
West Chester, PA 19380
jlathia@gmail.com
Phone: 717-940-4881

* Admitted *Pro Hac Vice*

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing a copy of the foregoing was served via electronic case filing and all parties of record were served by that system.

/s/Julie D. Lathia
Julie D. Lathia