1  MORGAN, LEWIS & BOCKIUS LLP
2  MONIQUE E. CHO (State Bar No. 251949)
   mcho@morganlewis.com
3  300 South Grand Avenue
   Twenty-Second Floor
4  Los Angeles, CA  90071-3132
   Tel:   +1.213.612.2500
5  Fax:   +1.213.612.2501

6  MORGAN, LEWIS & BOCKIUS LLP
   ANITA B. POLOTT (*pro hac vice* application
7  forthcoming)
   apolott@morganlewis.com
8  1111 Pennsylvania Ave., N.W.
   Washington, D.C.  20004-2541
9  Tel:   +1.202.739.3000
   Fax:   +1.202.739.3001

10 MORGAN, LEWIS & BOCKIUS LLP
   JOHN V. GORMAN (*pro hac vice* application
11 forthcoming)
   jgorman@morganlewis.com
12 AMY M. DUDASH (*pro hac vice* application
   forthcoming)
13 adudash@morganlewis.com
   1701 Market Street
14 Philadelphia, PA  19103-2921
   Tel:   +1.215.963.5000
15 Fax:   +1.215.963.5001

16 Attorneys for Defendant
   LAW SCHOOL ADMISSION COUNCIL,
17 INC.

18

19                 UNITED STATES DISTRICT COURT

20                 CENTRAL DISTRICT OF CALIFORNIA

21

22 MORLEY CAMBRIDGE TATRO, an          | Case No. 2:15-CV-7627
   individual,
23                                      | **NOTICE OF REMOVAL OF**
                    Plaintiff,          | **CIVIL ACTION**
24
                    vs.                 | [28 U.S.C. §§ 1332, 1441, 1446]
25
   LAW SCHOOL ADMISSION                 | Complaint Filed:  August 31, 2015
26 COUNCIL, INC., a Delaware
   corporation; and DOES 1-50,
27
                    Defendants.
28

Exhibit #2

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Law School Admission Council, Inc. ("LSAC" or "Defendant") hereby removes the above-entitled action filed by Plaintiff Morley Cambridge Tatro ("Plaintiff") from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

In support of its Notice of Removal, LSAC states as follows:

## I.   THE STATE COURT ACTION

On August 31, 2015, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Morley Cambridge Tatro v. Law School Admission Council, Inc. and Does 1-50*, Case No. BC593108.  LSAC was served with the Complaint on September 1, 2015.  Copies of Plaintiff's Summons and Complaint are attached as **Exhibit A**.  A copy of the Civil Case Cover Sheet is attached as **Exhibit B**.

The Complaint alleges causes of action for breach of contract (Complaint ¶¶ 14-16), breach of the implied covenant of good faith and fair dealing (*id.* ¶¶ 17-22), and declaratory relief (*id.* ¶¶ 23-29).  Plaintiff contends that, pursuant to a Licensing Agreement, LSAC licensed him to use all available questions from previously administered Law School Admission Test ("LSAT") exams.  (*Id.* ¶¶ 2, 3, 8.)  Plaintiff further alleges that the parties entered into another contract obligating them to provide mutual general releases of claims relating to the Licensing Agreement, but that LSAC purportedly breached that contract.  (*Id.* ¶¶ 1, 7, 10.)  Plaintiff seeks, among other relief, monetary damages and a judicial declaration.  (*Id.*, Prayer for Relief.)  LSAC denies any liability in this action.

Exhibit #2

## II.   THE REMOVAL IS TIMELY

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days of September 1, 2015, the date on which LSAC was first served and first received a copy of the Complaint.

## III.   REMOVAL IS APPROPRIATE BASED ON DIVERSITY OF CITIZENSHIP (28 U.S.C. § 1332)

A defendant may remove to a district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Removal is appropriate here because this Court has original jurisdiction over this action on the basis of diversity of citizenship.    Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Here, this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because: (1) there is diversity of citizenship between the named Plaintiff and LSAC; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   There is Diversity of Citizenship Between Plaintiff and LSAC.

Diversity of citizenship exists here because LSAC is not a citizen of the same state as Plaintiff. *See* 28 U.S.C. § 1332(a)(1).

#### 1.   Plaintiff is a Citizen of California.

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)); *see also Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) ("[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'") (citation omitted). As

Exhibit #2

alleged in the Complaint, Plaintiff is a resident of the County of Los Angeles in the State of California and also operates his business, Cambridge LSAT, in the County of Los Angeles. (*See* Complaint ¶ 6 ("Plaintiff's residence and principal place of business is located in the State of California, County of Los Angeles . . .").) Accordingly, for jurisdictional purposes, Plaintiff is a citizen of the State of California.

### 2. LSAC is a Citizen of Delaware and Pennsylvania.

For diversity purposes, a corporation is deemed to be "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). LSAC is a Delaware non-profit corporation with its principal place of business located in Pennsylvania. (*See* Complaint ¶ 3.) Thus, LSAC is a citizen of both Delaware and Pennsylvania for jurisdictional purposes.[1]

### 3. The Parties are Citizens of Different States.

Complete diversity of citizenship exists under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania.

### B. The Amount in Controversy Exceeds $75,000.

While LSAC denies any liability in this action, the amount-in-controversy requirement is satisfied in this action because it is "more likely than not" that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117-18 (9th Cir. 2004).

Here, Plaintiff seeks several forms of relief including a judicial declaration that any claims LSAC has against Plaintiff "pursuant to their Licensing Agreement

---

[1] Defendants "Does 1-50" are defendants sued under fictitious names whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity] jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded.").

Exhibit #2

1  or any statute or common law claim are released pursuant to the Contract, or are
2  otherwise unenforceable." (Complaint, Prayer for Relief ¶ C.) Thus, this action
3  implicates substantially more than $75,000 because the Contract that Plaintiff
4  purports was made, and the declaratory relief that Plaintiff seeks, would preclude
5  LSAC's claims for, *inter alia*, licensing fees under the Licensing Agreement. *See*
6  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions
7  seeking declaratory or injunctive relief, it is well established that the amount in
8  controversy is measured by the value of the object of the litigation.").

9  Since 2009, LSAC has entered into license agreements with Plaintiff which
10  obligated Plaintiff to pay licensing fees to LSAC for the use of LSAT materials.
11  (Declaration of Wendy Margolis ("Margolis Decl."), ¶ 3.) For 2013 and 2014,
12  Plaintiff has paid LSAC annual fees in excess of $75,000 under agreements with a
13  similar royalty structure as the License Agreement, and Plaintiff has incurred
14  licensing fees to LSAC for 2015 that he has not yet fully paid. (*Id.* ¶¶ 4-8.)

15  Plaintiff concedes in the Complaint that he continues to use LSAC materials
16  in operating his business online. (*See* Complaint ¶¶ 1, 2, 11.) At this time, it is
17  believed that Plaintiff has incurred in excess of $75,000 in licensing fees to LSAC
18  for 2015. (Margolis Decl. ¶¶ 4, 5, 8.) Accordingly, a ruling on Plaintiff's claims
19  adverse to LSAC would result in a loss to LSAC of over $75,000 in licensing fees
20  that Plaintiff owes under the Licensing Agreement. *See In re Ford Motor*
21  *Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[T]he test
22  for determining the amount in controversy is the pecuniary result to either party
23  which the judgment would directly produce.").

24  Further, in the Complaint, Plaintiff alleges that it will suffer damages
25  purportedly caused by Defendants. *(See, e.g.*, Complaint at p. 6, ¶ B.) Plaintiff has
26  not specified the amount of these purported damages, but Plaintiff's allegations
27  suggest that Plaintiff will contend that they exceed $75,000. (*See, e.g.*, *id.* ¶ 12
28  (referencing the purported injuries to Plaintiff, and that the "assets of the

Exhibit #2

1  Cambridge LSAT Website are unique and irreplaceable").)

2  **IV.    THE OTHER PREREQUISITES FOR REMOVAL ARE MET**

3  **A.    Venue**

4  This action was originally filed in the Superior Court of the State of

5  California, County of Los Angeles.  Venue in this District is, therefore, proper

6  under 28 U.S.C. § 1441(a) because it embraces the county in which the removed

7  state court action was filed and pending.

8  **B.    All State Court Pleadings are Attached.**

9  True and correct copies of all pleadings, process and orders served on LSAC

10  in the state court action are attached to this Notice of Removal as **Exhibits A and**

11  **B**, in accordance with 28 U.S.C. § 1446(a).

12  **C.    Filing in State Court Action.**

13  LSAC will promptly file a copy of this Notice of Removal with the Clerk of

14  the Superior Court of the State of California, County of Los Angeles, the state court

15  in which the action was filed and pending, in accordance with 28 U.S.C. § 1446(d).

16  **D.    Service Upon Plaintiff.**

17  LSAC will promptly serve Plaintiff's counsel of record with this Notice of

18  Removal, in accordance with 28 U.S.C. § 1446(d).

19  **V.    CONCLUSION**

20  WHEREFORE, LSAC respectfully requests that this action be removed from

21  the Superior Court of the State of California, County of Los Angeles, to this Court.

22  Dated:        September 29, 2015              MORGAN, LEWIS & BOCKIUS LLP

23

24

25  By   /s/ Monique E. Cho
                Monique E. Cho

26              Attorneys for Defendant
                LAW SCHOOL ADMISSION

27              COUNCIL, INC.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

Exhibit #2

# EXHIBIT A

Exhibit #2

# ORIGINAL

**SUM-100**



## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware
corporation *and does 1-50*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MORLEY CAMBRIDGE TATRO, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
Superior Court of California
County of Los Angeles

AUG 31 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles
111 N. Hill St., Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

**BC 5 9 3 1 0 8**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rene P. Tatro, Esq., / Steven R. Tekosky, Esq.
Tatro, Tekosky, Sadwick LLP, 333 S. Grand Ave. Suite 4270, Los Angeles 90071 (213) 225-7171

DATE: August 31, 2015                     Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretario)*              *(Adjunto)*

SHERRI R. CARTER

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

SHAUNYA BOLDEN

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

Exhibit #2

ORIGINAL

FILED
Superior Court of California
County of Los Angeles

AUG 31 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

1  René P. Tatro (State Bar No. 78383)
   Steven R. Tekosky (State Bar No. 102918)
2  TATRO TEKOSKY SADWICK LLP
   333 S. Grand Avenue, Suite 4270
3  Los Angeles, CA  90071
   Telephone:   (213) 225-7171
4  Facsimile:   (213) 225-7151
   Email:  renetatro@ttsmlaw.com
5          stevetekosky@ttsmlaw.com

6  Attorneys for Plaintiff
7  Morley Cambridge Tatro

8

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF LOS ANGELES

12

13                                      BC 5 9 3 1 0 8

14  MORLEY CAMBRIDGE TATRO, an      )  Case No. _____
    individual                      )
15                                  )  COMPLAINT FOR:
                   Plaintiff,       )
16                                  )  (1)  BREACH OF CONTRACT;
          v.                        )  (2)  BREACH OF THE IMPLIED
17                                  )       COVENANT OF GOOD FAITH
    LAW SCHOOL ADMISSION COUNCIL,   )       AND FAIR DEALING;
18  INC., a Delaware corporation; and DOES 1- )  (3)  DECLARATORY RELIEF
    50,                             )
19                                  )  DEMAND FOR JURY TRIAL
                   Defendants.      )
20                                  )
21  _____  )

22

23

24

25

26

27

28
    Tatro Tekosky
    Sadwick LLP
    ATTORNEYS AT LAW

                      COMPLAINT; JURY DEMAND

                                              Exhibit #2

Plaintiff Morley Cambridge Tatro DBA Cambridge LSAT ("TATRO") avers and alleges as follows as his complaint ("Complaint") against Defendant Law School Admission Council ("Defendant" or "LSAC").

## NATURE OF THE CASE

1.     This Complaint arises from Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing owed to Plaintiff.  Said breach and/or breaches occurred on or about August 24, 2015 when Defendant refused, through its words and conduct, to perform its obligations under the contract between the parties.  The contract was formed on August 19 when Defendant accepted Plaintiff's offer in writing.  Pursuant to the contract, Defendant is obligated to provide Plaintiff with its signature on the mutual general release Plaintiff provided.  Defendant has refused to do so, and has, instead, repeatedly and wrongfully threatened to take legal action against Plaintiff in Pennsylvania on certain claims released by the contract.  Among other things, as detailed below, LSAC has not provided an appropriate mutual general release for both parties to sign.  Instead, Defendant has breached the contract by taking the untenable position that pay licensing fees that were to be released pursuant to the contract.  Once TATRO's Website is cleared of actual LSAT test content, it would be difficult if not impossible to replace it (and difficult if not impossible to obtain the same caliber of test prep since there is only one publisher of the Law School Admission Test and only one such test for admission to law school), and TATRO would suffer great and irreparable harm from being deprived of its contractual right to mutual, general release.

## PARTIES

2.     Plaintiff Cambridge LSAT is a DBA of Morley Tatro and maintains its principal place of business located at 303 E. Elmwood Ave, Unit 304 Burbank, CA 91502-2695 and transacts business through the internet.  Since 2009, pursuant to a written License Agreement, as amended, TATRO has licensed from LSAC questions from previously-administered LSAT exams.  Since 2009, TATRO produced and sold LSAT prep materials through the Cambridge LSAT Website, and supported his family with the earnings.  Actual

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

1

Exhibit #2

1   test questions are required for TATRO's materials, which TATRO has licensed from LSAC

2   in connection with the License Agreement and the operations conducted through the

3   website and other online booksellers (eg. Amazon).

4        3.     Upon information and belief, Defendant LSAC is a Delaware corporation

5   with its principal place of business located at 662 Penn Street, Newtown, Pennsylvania

6   18940.  LSAC is a not-for-profit organization that provides admission-related services to

7   law schools and their students, including, but not limited to, the preparation of the Law

8   School Admission Test or LSAT.  Starting in 2009, pursuant to the License Agreement, as

9   amended, LSAC licensed to TATRO all available questions from previously-administered

10  LSAT exams.

11       4.     The true names and capacity of defendants named herein as Does 1 thru 50

12  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff

13  who therefore sues such defendants by fictitious names pursuant to California Code of Civil

14  Procedures § 474.  Plaintiff will amend this complaint to show the true names and

15  capacities when they have been determined.

16       5.     Plaintiff is informed and believes and thereon alleges that at all times

17  mentioned herein, each of the defendants, including those fictitiously named, was and now

18  is the agent, employee, representative and alter ego of each of the remaining defendants and

19  in doing the things hereinafter mentioned was acting within the scope of his or her authority

20  as such agent, employee, representative and alter ego with the permission and consent of

21  the remaining defendants.

22                  **JURISDICTION AND VENUE**

23       6.     Venue is appropriate in this Court inasmuch as (i) the parties have both

24  conducted business in the State of California and Plaintiff's residence and principal place of

25  business is located in the State of California, County of Los Angeles and (ii) the Contract at

26  issue in this case was negotiated and entered in the State of California.

27

28

Tarro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

**COMPLAINT; JURY DEMAND**

Exhibit #2

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.     On August 16, 2015, Plaintiff made Defendant a written offer for a contract, specifying the essential terms, as set forth in Exhibit A, incorporated by reference. In connection with his offer, Plaintiff identified his claims against Defendant for breach of the License Agreement, and also acknowledged Defendant's claim against Plaintiff for license fees (although that claim by Defendant was unenforceable due to Defendant's breach of the License Agreement). The terms of the offered contract were simple: the claims against each other notwithstanding, the parties would exchange mutual general releases releasing those claims, and Plaintiff would thereupon cease using any content purportedly owned by LSAC. On August 19, 2015, Defendant accepted that offer in writing, as set forth in Exhibit B, forming the Contract. On August 20, 2015 Plaintiff promptly performed his part of the contract by providing a signed mutual general release. See Exhibit C, incorporated by reference. Defendant has refused to perform the contract, and has breached it.

8.     Upon information and belief, Defendant purports to own the previously-administered LSAT exams. On or about October 1, 2009, and at all times thereafter relevant herein, Defendant licensed to TATRO the questions from the previously-administered LSAT exams. A copy of the License Agreement and Official Licensing Policy is attached to this pleading as Exhibit "D" and incorporated by reference.

9.     Upon information and belief, Defendant amended its Official Licensing Policy on June 4, 2015. Defendant's policy was in effect on the date TATRO signed the License Agreement (June 15, 2015).

10.     In breach of its obligations under the Contract, TATRO is informed and believes that LSAC intends to proceed with pursuing legal action against TATRO in the state of Pennsylvania alleging copyright infringement.

11.     TATRO has performed all of the conditions of the Contract which are required of TATRO. TATRO remains ready, willing, and able to cease use of Defendant's materials if and when such an offer is made properly pursuant to the requirements of the Contract.

Tatro,Tekosky
Sadwick LLP
ATTORNEYS AT LAW

**COMPLAINT; JURY DEMAND**

Exhibit #2

12.     TATRO has no adequate remedy at law for the injuries that are threatened because it will be impossible for TATRO to determine the precise amount of damage it will suffer it LSAC's conduct is not restrained, as the assets of the Cambridge LSAT Website are unique and irreplaceable, and therefore tantamount to a transfer of real property. Consequently, under California Civil Code §3387, money damages are presumed to be an inadequate remedy for the injury TATRO has suffered by LSAC's breach of its obligations under the Contract.

13.     Wherefore, TATRO demands judgment against LSAC as hereinafter set forth.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

14.     Plaintiff incorporates paragraphs 1 through 13, inclusive, as if set forth in full herein.

15.     TATRO has performed all of the conditions of the Contract which are required of TATRO.  TATRO has requested that LSAC provide TATRO with the mutual general release required by the Contract.   LSAC has refused to comply with LSAC's contractual obligations to do so.

16.     As a proximate result of LSAC's wrongful conduct in breach of the Contract, in addition to suffering irreparable injury for which there is no adequate remedy at law TATRO also has been damaged and continues to be damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

17.     Plaintiff incorporates paragraphs 1 through 16, inclusive, as if set forth in full herein.

18.     California law recognizes an implied covenant of good faith and fair dealing in all contracts.  Pursuant to that implied covenant, neither party may do anything that will have the effect of destroying or injuring the right of the other to the fruits, benefits, or rights

Exhibit #2

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

of the contract. This implied covenant of good faith and fair dealing not only imposes on each contracting party the duty to refrain from anything that would render performance of the contract impossible by any act of his or her own, but also imposes the duty to do everything that the contract presupposes will be done to accomplish its purposes and not frustrate the enjoyment of the rights of the other party to the contract.

19.     If any party to the contract breaches the obligations imposed by the implied covenant of good faith and fair dealing, that party is liable for that breach. LSAC has breached its duty of good faith and fair dealing under the Contract by, *inter alia,* attempting to frustrate TATRO's ability to receive benefits under the Contract to which he is entitled by 1) stating its intention to sue Plaintiff in Pennsylvania on matters released by the Contract.

20.     TATRO has performed all of the conditions of the Contract which are required of TATRO.

21.     By such actions, LSAC has failed to act in good faith and has failed to act fairly with TATRO as required under the Contract and the implied covenant of good faith and fair dealing, and has frustrated TATRO's ability to enjoy his rights under the Contract.

22.     As a direct and proximate result of LSAC's breach of the implied covenant of good faith and fair dealing, arising out of the Contract, in addition to suffering irreparable injury for which there is no adequate remedy at law TATRO also has been damaged and continues to be damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (Declaratory Relief)

23.     Plaintiff incorporates paragraphs 1 through 22, inclusive, as if set forth in full herein.

24.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights, duties and obligations pursuant to the Contract, and the Licensing Agreement.

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

5

**COMPLAINT; JURY DEMAND**

Exhibit #2

25. Plaintiff contends that pursuant to the Contract, Defendant is required to provide Plaintiff with the following:

a. A signed mutual general release substantially in the form of Exhibit C.

26. Plaintiff further contends the Licensing Agreement is unenforceable by Defendant because, among other things:

a. Defendant breached material terms of the Licensing Agreement.

b. The Licensing Agreement contains oppressive and unconscionable terms that are unenforceable under California law.

c. Any claim Defendant purports to have under the Licensing Agreement was released by the Contract.

27. Plaintiff is informed and believes and thereon alleges Defendant LSAC disputes each of Plaintiff's contentions set forth in the preceding paragraph of this Complaint.

28. Plaintiff desires a judicial determination of the rights, duties and obligations of both Plaintiff and Defendant as set forth in paragraphs 25 and 26 above.

29. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights the Contract and the Licensing Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. As to the first cause of action, for an order requiring Defendant LSAC to perform its obligations under the Contract by providing TATRO with a signed mutual general release compliant with California law substantially in the form of Exhibit C, and to pay Plaintiff damages caused by Defendants breach, in an amount to be determined at trial.

B. As to the second cause of action, for an order requiring Defendant LSAC to pay Plaintiff damages caused by Defendants breach of the implied covenant of good faith and fair dealing, in an amount to be determined at trial.

Tano Tekosky
Sadwick LLP
ATTORNEYS AT LAW

**COMPLAINT; JURY DEMAND**

Exhibit #2

C.   As to the third cause of action, for a judicial determination and declaration as follows:  any claims Defendant purports to have against Plaintiff pursuant to the Licensing Agreement or any statute or common law claim are released pursuant to the Contract, or are otherwise unenforceable.

D.   For the costs of suit herein;

and

E.   Any other and further relief the Court considers proper.

Date:  August 31, 2015                    TATRO TEKOSKY SADWICK LLP

*René P. Tatro / DBS*

René P. Tatro
Attorney for Plaintiff,
Morley Cambridge Tatro

## DEMAND FOR JURY TRIAL

Plaintiff Morley Cambridge Tatro DBA Cambridge LSAT hereby demands a trial by jury of this action.

Date:  August 31, 2015                    TATRO TEKOSKY SADWICK LLP

*René P. Tatro / DBS*

René P. Tatro
Attorney for Plaintiff,
Morley Cambridge Tatro

Tatro Tekosky
Sadwick-LLP
ATTORNEYS AT LAW

**COMPLAINT; JURY DEMAND**

Exhibit #2

08/31/2015

EXHIBIT A

Morley Tatro
c/o Cambridge LSAT
303 E Elmwood Ave, Unit 304
Burbank, CA 91502-2695

Wendy Margolis
c/o LSAC
662 Penn Street
Newtown PA 18940

August 15, 2015

Dear Wendy:

I was surprised and dismayed by your recent letter, dated August 4th of this year. As you may know, Cambridge LSAT is a sole proprietorship which I founded and run by myself to support my family. As you also know, I have run the Cambridge LSAT website for the past six years and built up a reasonable client base and credible reputation in the LSAT prep arena. I think the relationship between LSAC and Cambridge LSAT has been mutually beneficial. The abruptness (we were in the midst of ironing out whatever existing issues LSAC had with the signed agreement) of LSAC's cease and desist letter was uncharacteristic, given the productivity of our previous relationship and communications. Because LSAC's action violates a key element of LSAC's current licensing policy (see the attached)—a provision on which I relied—it constitutes a breach of our agreement. As stated in item 5 of page 4:

> *"LSAC may terminate any license in the event that a licensee violates a material term or condition of the license, which is not cured by the licensee within 30 days after receipt of written notice of such violation from LSAC."*

Accordingly, LSAC was obligated to provide 30 days written notice to cure any perceived violations, and it did not do so. As noted above, this policy was a material part of my willingness to sign the licensing agreement (June 15th).

The most effective LSAT strategies and outlines draw from actual test content. Knowing this, I built the website to deliver the best materials and prep experience to a wide range of students, irrespective of enrollment in an expensive course. Your unilateral policy change (late last year) put the onus on me to substantially restructure how the website worked. To satisfy the new requirements to the extent reasonably and commercially feasible, I implemented a self-study course, and restricted purchase access to enrolled students. LSAC indicated both verbally and in writing that this was acceptable. When prompted about the ease of general access to LSAC's content, I explained the additional protections of the purchasing process; LSAC didn't respond, concurring through silence that these protections were sufficient. These protections are in addition to the pdf stamping and character cloaking applied to the actual files, which go above and beyond the protections other providers use.

Over the past six years, comporting to LSAC's ever increasing requirements and restrictions has become a huge burden on top of all the typical responsibilities of running a small, one-employee business. Most

08/31/2015



Exhibit #2

recently, LSAC has shown that it cares little about the usability of prep materials companies provide to their clients. With its latest new electronic requirements, LSAC has adopted a "protect the content at all costs" attitude with no regard for the effectiveness of the mandated protections or the broader implications/repercussions of such stringent policy.

I remain open to exploring creative, practical ways to continue the relationship between LSAC and Cambridge LSAT. I don't think my small business is a threat to either the content of LSAC or its larger, long-term sales objectives – but I do think my work has enhanced the success of the LSAC "brand," and vice versa. I do not have any pre-conceived constraints on the structure of such a relationship, and I invite your creative suggestions; I am open to structures as diverse as employment, consulting, or even acquisition (and operating under the umbrella of LSAC).

In the event LSAC is uninterested in any such structure that will continue our mutually beneficial relationship, we should turn our attention to the terms on which we can part company. As noted above, I am of the view that I have a viable (and sympathetic) claim for breach of contract, giving rise to considerable expectancy and/or reliance damages, if not to a viable claim for specific performance. I also recognize that if LSAC had fully performed its contract and had not breached, LSAC might have a claim against Cambridge LSAT for license fees. However, as I am sure you are aware, a party which breaches a contract (in this case, LSAC) is not entitled to counter-performance. Because LSAC has resources which vastly exceed mine, the lack of legal merit to LSAC's claim for license fees notwithstanding, LSAC could well attempt to crush me with legal expenses. In light of the merit of my claim, but the risk that LSAC will try to crush me with legal expenses, I am compelled as a practical matter to propose the following if our business relationship must terminate:

1. Both sides go their separate ways pursuant to simple, mutual general releases.
2. I will, upon written confirmation of the agreement, cease distributing LSAC's content on both the website and in book form.

Please contact me in regard to whatever direction LSAC prefers to go. As should be obvious, I reserve any and all rights, whether arising in law or equity or by statute, and nothing herein compromises, amends or modifies those rights.

Sincerely,


Morley Tatro
Owner (Cambridge LSAT)

Exhibit #2

08/31/2015

EXHIBIT B

8/30/2015                                    Print

**Subject:**   RE: please see the attached

**From:**      Margolis, Wendy (WMargolis@LSAC.org)

**To:**        rippinradio@yahoo.com;

**Date:**      Wednesday, August 19, 2015 11:12 AM


Morley,

We are within our rights to terminate your agreement without notice based on the following provision in the agreement, which you signed. It is in item #2: Term and Termination--"Any violation of any term or condition of this license voids the license. In addition, LSAC may terminate this license at its sole discretion at any time and for any reason."


However, we are willing to terminate our relationship with you and your company according to the terms you have proposed, provided we can agree upon an appropriate release. If you have language for such a release in mind, please provide it.


**WENDY MARGOLIS**
Director of Communications, Publishing, and Creative Services
P: 215.968.1219


**From:** Morley Tatro [mailto:rippinradio@yahoo.com]
**Sent:** Monday, August 17, 2015 2:30 AM
**To:** Margolis, Wendy
**Subject:** please see the attached

https://us-mg5.mail.yahoo.com/neo/launch?.partner=sbc&.rand=bhiukkn84ci3l#mail



1/1

Exhibit #2

08/31/2015

EXHIBIT C

## GENERAL RELEASE AND CONFIDENTIAL SETTLEMENT AGREEMENT

This General Release and Confidential Settlement Agreement ("Settlement Agreement") is entered into by and between Cambridge LSAT/Morley Tatro (hereinafter "Tatro"), on the one hand, and Law School Admission Council (hereinafter "LSAC"), on the other, with respect to the matters set forth below (Tatro and LSAC are collectively referred to herein as the "Parties" and individually as a "Party").

### RECITALS

A.     WHEREAS,

B.     WHEREAS, the Parties are settling all claims either may have against the other pursuant to the terms and conditions set forth below;

In consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is acknowledged by the signatories to this Settlement Agreement, the Parties agree as follows:

### INCORPORATION OF RECITALS

The foregoing recitals are an integral part of this Settlement Agreement and are incorporated herein by reference.

### TERMS, COVENANTS AND CONDITIONS

**1.     EFFECTIVE DATE**

This Settlement Agreement shall become effective on the last date of full execution by the Parties.

**2.     CONSIDERATION**

**2.1     MUTUAL GENERAL RELEASE**

Each Party, on behalf of [itself/himself/herself] and [its/his/her] successors, personal representatives, administrators, agents, representatives, assigns, heirs, executors, trustees, joint venturers, partners, employees, and attorneys, and each of them, whether individually or as part of a group, and all persons or entities acting by, through, or in concert with them or any of them,

1

Exhibit #2

do fully and completely, absolutely, expressly and irrevocably release and discharge the other Party, and [its/his/her] past, present and future direct or indirect parents, subsidiaries, divisions, predecessors, affiliates, shareholders, directors, owners, partners, associates, executives, licensees, owners, managers, servants, administrators, officers, employees, representatives, agents, insurers, attorneys, successors and assigns and/or entities controlling the released Party or under common control with released Party, whether individually or as part of a group, and all persons or entities acting by, through, or in concert with them or any of them ("Released Parties"), from any and all manners of action or actions, claim or claims for relief in law or in equity, suits, liens, contracts, promises, liabilities, injuries to person or property, claims, predicate acts, damages, losses, costs, or expenses, fixed or contingent, direct or indirect, any and all debts, claims, demands, liabilities, obligations, offsets, and causes of action whatsoever, whether known, suspected or unknown, and regardless of whether the claimed injuries and/or damages are not yet known or manifested, filed or unfiled, asserted or as yet unasserted, or existing or contingent, and regardless of the legal theory or theories of damages against any of them, including but not limited to the claims that were or could have been asserted in the Action. *THIS IS A GENERAL RELEASE OF THE ENTITIES AND INDIVIDUALS RELEASED HEREIN.*

## 3.     WAIVER AND RELINQUISHMENT OF RIGHTS

The Parties each acknowledge that they may hereafter discover facts different from, or in addition to, those which they now claim or believe to be true with respect to the claims released herein, and that [this Settlement Agreement/the Mutual General Release above] shall be and remain effective in all respects, the discovery of such different or additional facts with respect to the claims released herein notwithstanding.  In furtherance of the general release given in the previous paragraph, the Parties acknowledge that each is knowingly and voluntarily waiving their rights under Section 1542 of the California Civil Code, to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter hereof, and that the

Exhibit #2

consequences of such waiver have been explained to them attorneys and/or advisors. The Parties each acknowledge that they are familiar with the provisions of Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The provisions of Section 1542 notwithstanding, and for the purpose of implementing a full and complete general waiver/release in accordance with the terms set forth in the previous paragraph, the Parties each expressly acknowledges that the general release in the previous paragraph and the Waiver in this paragraph are intended to include in their scope all claims against the Released Parties which they do not know or suspect to exist in their favor at the time of execution of this [Settlement Agreement/ Mutual General Release], and that this release contemplates the extinguishment of any such claim or claims. The Parties each expressly waive any right to assert hereafter any claims that they may assert were excluded from this Settlement Agreement through ignorance, oversight, error or otherwise.

**4.     FEES AND COSTS**

The Parties shall each bear his or its own respective attorneys' fees, costs and expenses, including without limitation, those which relate to the execution of this Settlement Agreement.

**5.     REPRESENTATIONS AND INDEMNITY**

**6.**     (a) The Parties each represent and warrant that he or it has not heretofore assigned or otherwise transferred, or attempted to assign, or transfer, any claim or claims against any of the Released Parties, and that there is no other person or legal entity that has not executed this Settlement Agreement as a releasing party that has any interest in any such claim or claims against any of the Released Parties, including but not limited to any lien against the proceeds of this Settlement.

**7.     AUTHORITY**

- 3 -

Exhibit #2

Each Party represents and warrants that the person executing this Settlement Agreement on his or its behalf has full authority and capacity to execute this Settlement Agreement and to give the releases and other promises contained herein.

## 8.    NO ADMISSION OF LIABILITY

This Settlement Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any of the Released Parties of any liability of any kind.  The Released Parties deny any liability in connection with any such claims.

### 11.2    **Entire Agreement:**

This Settlement Agreement contains the entire agreement and understanding between the Parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the parties related hereto are superseded.  No representations, oral or otherwise, express or implied, other than those specifically referred to in this Settlement Agreement, have been made by any party hereto.

### 11.3    **Choice of Law and Jurisdiction:**

This Settlement Agreement is being executed in the State of California and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

### 11.4    **Legal Advice:**

Each Party has had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Settlement Agreement and all other matters contained herein.

### 11.5    **Investigation:**

Each Party acknowledges that he or it has been represented in the negotiations for, and in preparation of, this Settlement Agreement by counsel of his or its choice, that he or it has read this Settlement Agreement and have had it fully explained by such counsel, and that he or it is fully aware of the contents of this Settlement Agreement and of the legal effect of each and every

- 4 -

Exhibit #2

provision thereof. Each Party has made such investigation of the facts pertaining to this Settlement Agreement and of all of the matters pertaining thereto as he or it deems necessary.

**11.6**     <u>**Waiver, Modification and Amendment:**</u>

No provision of this Settlement Agreement may be waived unless in writing signed by all Parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Settlement Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by both Parties.

**11.7**     <u>**Severability:**</u>

If any provision of this Settlement Agreement as applied to anyone or to any circumstances shall be adjudged by a court to be void and unenforceable, the same shall in no way affect:

     a.   Any other provision of this Settlement Agreement;

     b.   The application of such provision in any other circumstances; and

     c.   The validity or enforceability of this Settlement Agreement as a whole,

provided, however, that if the term declared void or unenforceable is material to someone for whom such term provided a benefit or protection, he, she or it can seek other remedies, including, without limitation, rescission or reformation, based on the term being declared void and unenforceable.

**11.8**     <u>**Construction:**</u>

In construing this Settlement Agreement, no Party shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against him, her or it solely by reason of one Party having drafted the same, as a result of the manner of the preparation of this Settlement Agreement, or otherwise. Each term and provision of this Settlement Agreement shall be construed and interpreted so as to render it enforceable.

**11.9**     <u>**Execution in Counterparts:**</u>

This Settlement Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all parties.

- 5 -

Exhibit #2

**11.10     Signatures:**

Telecopied and scanned email signatures shall be deemed originals.

**11.11     Headings:**

Headings or captions contained in this Settlement Agreement are solely for the convenience of the Parties, are not a part of this Settlement Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Settlement Agreement or any provision hereof.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of the dates set forth below.

### ACCEPTED AND AGREED

Dated: August 19, 2015          By: _____

Morley Tatro (Cambridge LSAT)

Dated: _____, 2015          By: _____

Name: _____

Title: _____

For Law School Admission Council

- 6 -

Exhibit #2

08/31/2015



Law School Admission Council
662 Penn Street Newtown, PA 18940-0040
P: 215.968.1162 • F: 215.968.1169

**LEGAL AFFAIRS–LICENSING**

### LICENSE AGREEMENT

This agreement between Law School Admission Council, Inc., Box 40, Newtown, PA 18940 (LSAC) and Cambridge LSAT, 225 W. Verdugo Avenue, Apt 302, Burbank, CA 91502 (Licensee), dated January 1, 2015 is a nonexclusive grant, from LSAC to Licensee, of permission to copy the LSAT-related information described in paragraph 1 below. This license is subject to LSAC's LSAT-Question Licensing Policy and the following terms and conditions:

1. <u>Materials Subject to this License Agreement ("Licensed Questions")</u>

    LSAC grants Licensee the nonexclusive right to use, print, reproduce, and distribute the following PrepTest material, estimated number of copies 2,000:

    | | |
    |---|---|
    | PrepTests 60 – current | $6 per test, per copy |
    | PrepTests 46 – 59 | $5 per test, per copy |
    | PrepTests 32 - 45 | $4 per test, per copy |
    | PrepTests 17 - 31 | $3 per test, per copy |
    | *PrepTests 1 – 16 | $2 per test, per copy |
    | SuperPrep (February tests from 1996, 1999, and 2000) | $3 per test, per copy, |

    *\* LSAC will allow Licensee to use PrepTests 1-16 for the last time as part of this agreement. PrepTests 1-16 will no longer be available for licensing after June 30, 2017.*

2. <u>Term and Termination</u>

    This license expires June 30, 2017, but may be renewed at the option of LSAC if the licensed questions are still published by LSAC. Any violation of any term or condition of this license voids the license. In addition, LSAC may terminate this license at its sole discretion at any time and for any reason.

3. <u>Fees and Periodic Accounting</u>
    *(Mail to: Felicia Williams, LSAC-Licensing, 662 Penn Street, Newtown PA 18940.)*

    Upon execution of this agreement, Licensee shall pay an initial fee of $250, which goes toward the first year's licensing fees. Licensee agrees to provide an accounting of the number of licensed questions actually used, and the number of copies of each question actually made, on January 1, 2016; January 1, 2017; and June 30, 2017. Should Licensee exceed the number of copies permitted by this license, Licensee agrees to pay an additional fee, calculated according to the fee structure then in place, within 30 days of the due date. Failure to pay any such additional fee will void this entire license.

4. <u>Use Requirements and Limitations</u>

    A. Licensee agrees to reproduce the licensed questions (including the question itself and its stem), test instructions, and any test-related information subject to the license verbatim, without modification or editing.



1

Exhibit #2

B. Licensee agrees that all licensed questions within licensee's work will be clearly identified as such, and licensee's work containing licensed questions will include, in a conspicuous place, the following statement: *"All actual LSAT questions printed within this work are used with the permission of Law School Admission Council, Inc., Box 40, Newtown, PA 18940, the copyright owner. LSAC does not review or endorse specific test preparation material or services, and inclusion of licensed LSAT questions within this work does not imply the review or endorsement of LSAC. LSAT is a registered trademark of LSAC."*

C. Licensee will offer LSAT content in a self-study course, which will include a study outline, section introductions, tracking software, and book recommendations, to LSAT course students. The tracking software assesses performance, diagnoses weaknesses, and suggests targeted practice for improvement. Each student will have access to purchase the full range of materials offered by Licensee.

D. Licensee may make only descriptive reference to the LSAT and LAW SCHOOL ADMISSION TEST trademarks ("LSAT Trademarks") in a manner consistent with paragraph 4.B. herein. Except as otherwise provided in the Agreement, Licensee shall not use the LSAT Trademarks, or any formatives thereof, in any manner that states, suggests or implies that LSAC endorses, sponsors, or is otherwise affiliated with Licensee or Licensee's products and services. Licensee agrees not to challenge, directly or indirectly, LSAC's exclusive ownership or the validity of the LSAT Trademarks or the copyright in the licensed questions, and shall not attempt, directly or indirectly, to use, register or assert ownership in any LSAT Trademarks, or any confusingly similar variations thereof, as a trade/service mark, corporate name, domain name or other indicia of source anywhere in the world. The obligations of this paragraph shall survive termination or expiration of this Agreement.

E. Licensee may not make licensed materials available to the general public by any means (hard copy and/or electronic medium).

F. Licensee agrees not to state or imply the endorsement of its products or services by Law School Admission Council (LSAC).

G. Licensee agrees not to construct a sample LSAT, with or without a score conversion table, from licensed questions drawn from different LSAT forms. Should Licensee wish to produce a sample LSAT, it must use a license for an intact LSAT form, or purchase printed tests from LSAC.

H. Cover or title pages used with licensed LSAT material may not mimic LSAC's branded cover designs or trademarked PrepTest titles. LSAC's PrepTest titles and numbers may be used solely to describe the content of the published material, and not as a prominent part of a licensee's titles. The titles of licensees' published material must clearly show that they are published by the licensee and not by LSAC.

5. Security Methods

Cambridge LSAT (www.cambridgelsat.com) provides limited download access to all available LSAT exams in various forms. Course students can select, purchase, and download materials consisting of actual full-length PrepTests, grouped questions/games/passages, or both. Each individual download has an expiration of 72 hours (3 full days) or 3 clicks/views, whichever comes first. Once the PDF has been downloaded, each page will be stamped with the purchaser's name, email address, and a unique transaction ID. The files are secured against text extraction and editing.

Exhibit #2



Licensee will employ a method called "character cloaking," whereby the visible/printable text will not match the extracted text. The file is encrypted and secured to prevent modification and/or text extraction.

All displayed LSAC content will show a watermark or otherwise visually indicate the name of the product or company licensing the materials.

6. Marketing, Publication, Sample Copies

Licensee will offer printed copies of its publications, as well as eBooks, according to demand.

- Full-length PrepTests (A, B, C, and 1-74), 5-Section PrepTests (recent tests with an added section), and 6-Section PrepTests (recent tests with two added sections)
- Individual sections from all available tests
- Question (LR) groupings from tests 1-38 as well as a bundle with all these groupings
- Game (AR) groupings from tests 1-38 as well as a bundle with all these groupings
- Passage (RC) groupings from tests 1-38 as well as a bundle with all these groupings
- Books with targeted drilling material from various test ranges (1-20, 21-40, 41-60, 41-50, 51-60, 61-70, etc.)
- Full explanations, both for complete tests and for individual sections

Licensee agrees to provide LSAC with the name and address of its printer within ten days of the execution of this agreement. Licensee will forward a copy of the license agreement to its printer.

Licensee further agrees to provide LSAC with a sample of any of its LSAT-related materials, whether or not those materials contain licensed questions, as well as a sample of any advertisements or marketing materials for their products or services, with or before the first accounting report.

7. Cloning

Licensee is not permitted under the terms of LSAC's License Agreement to use licensed material to create modified versions of actual LSAT questions and publish them either as a supplement to, or as a substitute for, licensed questions. This practice of taking LSAT questions and modifying the names or context for the LSAT material is sometimes known as "cloning" and is prohibited under the License Agreement and US copyright law.

8. Use of LSAC Trademarks in Product Names and Web Addresses

Licensee acknowledges that LSAC must approve of any use of the registered trademark "LSAT" and/or other LSAC trademarks in any of Licensee's product names and related URLs. Such approval will be granted separately from this Agreement.

9. Assignment

Licensee may not assign this license to any other person, company, or organization without the express prior written consent of LSAC.

10. Auxiliary Information

In an effort to increase candidate awareness of LSAC's day-of-test rules and its misconduct and irregularities process, Licensee agrees to provide information on those topics supplied by LSAC to its clients. Licensee further agrees to provide a link from its website to LSAC's information on these topics, as provided by LSAC.

Exhibit #2

11. Notice of Third Party Claims

Licensee agrees to notify LSAC immediately of any third-party claims related to the copyright of licensed questions.

12. Audit

LSAC, either directly or through its auditing firm, shall have the right to inspect Licensee's records and accounts for the purpose of auditing the accountings and license-fee payments required under this Agreement. Such inspection shall be at LSAC's own expense, and shall occur during regular business hours on mutually agreed upon dates and times. LSAC shall provide Licensee with at least seven days' notice of its intent to exercise this right.

FOR LSAC:                                FOR LICENSEE:

| _Joan E Van Tol_ | |
| Signature | Signature |

| Joan E. Van Tol | |
| Name | Name |

| General Counsel | |
| Title | Title |

| 3/16/15 | |
| Date | Date |

Exhibit #2



### LAW SCHOOL ADMISSION COUNCIL
### LSAT-QUESTION LICENSING POLICY

The Law School Admission Council (LSAC) is the sole owner of the Law School Admission Test® (LSAT®), and all LSAT materials are protected by U.S. and international copyright laws and may be reproduced only under a license from LSAC. Licenses to reproduce LSAT questions and other LSAT materials are available under the following terms and conditions (Licensing Policy), and at the sole discretion of LSAC.

Any suspicion or evidence of unauthorized use by unlicensed entities should be reported to LSAC immediately. LSAC pursues every report of unauthorized use of its content.

LSAC reserves the right to not grant a license for any reason within its sole discretion it deems sufficient.

**Questions Available for Licensing**

LSAT questions are available for licensing as complete, previously administered test forms and as individual questions. (See complete listing under Licensing Fees, below).

Because test specifications and quality-control measures change over time, only those LSAT questions and forms that reflect the current structure of the LSAT are available to licensees. Test questions that appeared on LSAT forms before June 1991 and nondisclosed questions are not available for licensing.

**Term of Agreement**

Unless otherwise specified in the licensing agreement, all new licenses and license renewals begin on July 1 of the initial year and expire on June 30 of the second year.

**License Requirements**

1. As part of their licensing proposal, potential licensees must identify the test questions they wish to reproduce and the number of copies of each question they intend to make. Licensees must also provide a detailed explanation about precisely how licensed LSAT content will be used.

2. If an entity other than the person or company requesting a license will be acknowledged as a publisher or copyright holder of materials to be covered by an LSAC licensing agreement, that entity must be disclosed to LSAC prior to the execution of the agreement.

3. Licensees must use verbatim, without modification or editing, all licensed questions (including the question itself and its stem), test instructions, and any test-related information subject to the license.

4. All licensed questions within a licensee's work must be clearly identified as such, and a work containing licensed questions must include, in a conspicuous place, the following statement: *"All actual LSAT questions reproduced within this work are used with the permission of Law School Admission Council, Inc., Box 2000, Newtown, PA 18940, the copyright owner. LSAC does not review or endorse specific test preparation materials, companies, or services, and inclusion of licensed LSAT questions within this work does not imply the review or endorsement of LSAC."*



Revised June 4, 2015

1

Exhibit #2

5. Covers or title pages used with licensed LSAT material may not mimic LSAC's branded cover designs or trademarked PrepTest titles. LSAC's PrepTest titles and numbers may be used solely to describe the content of the published material, and not as a prominent part of a licensee's titles. The titles of licensees' published material must clearly show that they are published by the licensee and not by LSAC.

6. If a licensee should offer a complete, intact LSAT form to the general public, that form must be accompanied by instructional or explanatory content developed and added by the licensee. Under no circumstances is it permissible to offer LSAT forms for sale to the general public without such additional material.

7. *Licensing LSAT Content for Online Use*

   LSAC will license the use of LSAT content for online distribution (including, but not limited to, ebooks, videos, web pages) according to the terms outlined in this document and in individual licensing agreements.

   a. *Online Security Requirements*

      Security requirements may vary depending on how the content will be used. In all cases, content licensed from LSAC shall be maintained in a secure environment, pursuant to commercially reasonable industry practices for the housing and storage of digital information, so that the licensed material is secure from manipulation, unauthorized copying or transmission, infringement, and other misappropriation or misuse. LSAC may require licensees and potential licensees to demonstrate the methods that will be used to protect LSAC's content. A security protocol must be specified in all licensing proposals involving the use of LSAC's content online and will be included in all licensing agreements for this use. The licensee must notify LSAC of any changes to that protocol so that LSAC can review and approve those changes prior to their implementation.

      The burden of protecting LSAC's licensed content shall fall upon the licensee; if LSAC should become aware of instances where its content is not being adequately protected, LSAC reserves the right to void the license. These protections against unauthorized use of LSAC's content benefit both LSAC's and the licensees' investments in this content.

      LSAC requires that all displayed LSAC content show a watermark or otherwise visually indicate the name of the product or company licensing the materials.

      i. **For content that is being offered online solely to prep course registrants**

         As part of the licensing proposal, potential licensees must describe with reasonable technical specificity the manner in which files containing LSAC licensed content will be stored and distributed, and all security measures to be used to protect the licensed material, including, but not limited to, encryption, password-protection, etc. It is recommended that licensees use digital rights management (DRM) to provide the protections and limitations detailed above. The type of DRM to be used by the licensee, along with the extent of its capabilities, must be included in the proposal. If the licensee proposes to use security measures other than DRM, the proposal must specify how the licensee will otherwise control access, unauthorized viewing, screen capturing, copying, printing, sharing, and altering of LSAC's licensed content. In addition, the licensee must specify the timeframe for access that will be allowed for each customer and detail steps that will be taken should unauthorized use occur.

         Use of any DRM format is subject to the terms and conditions of any applicable license agreement between the licensee and the supplier of the applicable DRM format.

Exhibit #2

ii. **For content to be distributed online for sale to the public (including, but not limited to, ebooks, videos, web pages)**

As part of the licensing proposal, potential licensees must describe with reasonable technical specificity the manner in which files containing LSAC licensed content will be stored and distributed, and all security measures that will be used to protect the licensed material. LSAC requires licensees who intend to offer LSAT preparation material via the internet to the general public to employ digital rights management (DRM) that does not employ the use of JavaScript and will:

- control usage,
- prevent copying, and cutting and pasting,
- prevent emailing, forwarding, sharing, unauthorized access and unauthorized distribution,
- limit printing to one time,
- allow the document to open only on one device,
- prevent screen capturing,
- control and instantly revoke access if a violation occurs,
- identify abusers,
- expire access after a mutually agreed upon timeframe and/or number of views, and
- maintain a complete audit trail of how, when, and where LSAC's material is being used.

Although LSAC does not endorse a specific DRM program, the following are examples of programs that perform the functions listed above and should offer adequate security:
- http://www.drm-x.com/DRM-X3.0-Features.aspx
- http://www.locklizard.com/index.htm
- http://www.artistscope.com/digital_rights_management.asp

Use of any DRM format is subject to the terms and conditions of any applicable license agreement between the licensee and the supplier of the applicable DRM format.

8. Licensees must provide LSAC with the name and address of their printer(s).

9. Licensees must provide LSAC with a print, digital, or video sample of any products containing licensed questions as well as a sample of any advertisements or marketing materials for their products or services. These samples must be provided along with or prior to the first licensing accounting, as specified on the licensing agreement.

**License Restrictions**

1. All licenses granted pursuant to this policy are nonexclusive.

2. Licensees may not state or imply endorsement of their products or services by Law School Admission Council (LSAC).

3. No licensee may construct a sample LSAT, with or without a score-conversion table, from licensed questions drawn from different LSAT forms. Licensees wishing to produce a sample LSAT must obtain and use a license for an intact LSAT form, or purchase printed tests from LSAC.

4. Licenses may be renewed at LSAC's discretion if the licensed questions are still published by LSAC.

Revised June 4, 2015

3

Exhibit #2

5. LSAC may terminate any license in the event that a licensee violates a material term or condition of the license, which is not cured by the licensee within 30 days after receipt of written notice of such violation from LSAC.

6. Licensees may not assign a license to any other person, company, or organization without the express prior written consent of LSAC.

7. Licensees may not create modified versions of actual LSAT test questions and publish them either as a supplement to, or as a substitute for, licensed questions. This practice of taking LSAT questions and modifying the names or context for the LSAT material is sometimes known as "cloning" and is prohibited under LSAC's licensing policy and U.S. copyright law.

8. Publication of licensed content on the Web or through other electronic means without the prior approval of LSAC is prohibited. Licenses that do not specify a grant of electronic publication rights do not include such rights. LSAC will determine whether to allow electronic publication of licensed content on a case-by-case basis, paying particular attention to the steps that a licensee has taken to safeguard those materials from unauthorized reproduction and distribution.

**Licensing Fees**

These licensing fees apply to all licensed content to be used in any medium. A "copy" is defined as a printed book, an accessed ebook, an online document or video accessed throughout the term of a course by a course registrant, an individual view of a video if offered to the general public, or any other single reproduction of licensed content, whether or not that reproduction method is specified herein.

1. *Calculating License Fees for Entire Test Form*

   The following PrepTests are available for licensing as entire forms at these rates:

   | | |
   |---|---|
   | PrepTests 60 – current | $6 per test, per copy |
   | PrepTests 46 – 59 | $5 per test, per copy |
   | PrepTests 32 - 45 | $4 per test, per copy |
   | PrepTests 17 - 31 | $3 per test, per copy |
   | PrepTests 1-16 | $2 per test, per copy |
   | Form 96, unreleased | $10 per test, per copy |
   | February tests from 1996, 1999, and 2000 | $3 per test, per copy |

   The fee for licensee reproduction of writing-sample prompts is 2 cents per copy.

   There is no fee for licensee copying of test instructions.

2. *Calculating License Fees for Individual Test Questions*

   The license fee is determined by the number of copies of each question the licensee will make and the per-question cost. The per-question cost is determined by dividing the relevant per-test fee by 100. For example, a licensee wishing to make 100 copies of 50 questions from PrepTest 40 must pay a license fee of $200 ($4 divided by 100 = .04, multiplied by 100 copies, then multiplied by 50 questions).

Licenses are granted only for a specific number of questions and copies, and only after payment of the initial license fee (as specified on the licensing agreement). Licensees must provide an annual accounting of which PrepTest(s) was used, the number of licensed questions used, and the number of copies of each form or question actually made. For print reproduction, the licensing fees are based on the print run, not actual sales. For printed books that are updated frequently, LSAC may make payment adjustments for unsold copies upon proof that the unsold copies have been destroyed and cannot be resold.

Revised June 4, 2015

4

Exhibit #2

## Trademarks and Domain Names

"LAW SCHOOL ADMISSION TEST" and "LSAT" are registered trademarks of LSAC (LSAT Trademarks). Licensees may only make descriptive references to the LSAT Trademarks in a manner that is consistent with the required statement that is set forth on page 1 of this Licensing Policy. Licensees may not use the LSAT Trademarks, or any formatives thereof, in any manner that states, suggests or implies that LSAC endorses, sponsors or is otherwise affiliated with the licensee or licensee's products or services. Licensees must agree not challenge, directly or indirectly, LSAC's exclusive ownership or the validity of the LSAT Trademarks or the copyright in the licensed questions, and not to register or assert ownership in any LSAT Trademarks, or any confusingly similar variations thereof. In addition, licensees may not use the LSAT Trademarks or any other LSAC trademarks in product or domain names without the prior written consent of LSAC, which LSAC may withhold in its sole discretion.

## Auxiliary Information

In an effort to increase candidate awareness of LSAC's day-of-test rules and its misconduct and irregularities process, licensees are required to provide information on those topics supplied by LSAC to their clients. LSAC also requires that licensees provide a link from their website to LSAC's information on these topics, http://www.lsac.org/JD/apply/misconduct-and-irregularities.asp as provided by LSAC.

Exhibit #2

# EXHIBIT B

Exhibit #2

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Rene P. Tatro (78383)/Steven R. Tekosky (102918)<br>Tatro Tekosky Sadwick LLP<br>333 S. Grand Ave., Suite 4270<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-225-7171  FAX NO.: 213-225-7151<br>ATTORNEY FOR *(Name)*: Plaintiff, Morley Cambridge Tatro | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 31 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Shaunya Bolden |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
TATRO v. LAW SCHOOL ADMISSION COUNCIL, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 9 3 1 0 8 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[✓] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 8
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 31, 2015
Rene P. Tatro
(TYPE OR PRINT NAME)                    ▶ *Rene P. Tatro / DBS*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit #2

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

Exhibit #2

| SHORT TITLE: TATRO v. LAW SCHOOL ADMISSION COUNCIL | CASE NUMBER |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES     CLASS ACTION? YES  LIMITED CASE? YES  TIME ESTIMATED FOR TRIAL _____ HOURS/ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

Exhibit #2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| TATRO v. LAW SCHOOL ADMISSION COUNCIL | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

Exhibit #2

| SHORT TITLE: TATRO v. LAW SCHOOL ADMISSION COUNCIL | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Exhibit #2

| SHORT TITLE: TATRO v. LAW SCHOOL ADMISSION COUNCIL | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☑ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>303 E. Elmwood Ave, Unit 304 |
|---|---|

| CITY:<br>Burbank | STATE:<br>CA | ZIP CODE:<br>91502-2695 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: __August 31, 2015__

*Reńe P. Tatro /DBS*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3<br>Page 4 of 4

Exhibit #2