René P. Tatro (State Bar No. 78383)
Juliet A. Markowitz (State Bar No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
Email: renetatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com

Attorneys for Plaintiff
Morley Cambridge Tatro

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORLEY CAMBRIDGE TATRO, an individual<br><br>Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware corporation; and DOES 1-50,<br><br>Defendants. | Case No. 2:15-cv-07627-RGK-JEM<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**<br><br>**<u>DEMAND FOR JURY TRIAL</u>**<br><br>The Hon. Gary Klausner |

CASE NO. 2:15-cv-07627-RGK-JEM
**FIRST AMENDED COMPLAINT**
Exhibit #3

1    Plaintiff Morley Cambridge Tatro dba Cambridge LSAT ("Tatro") avers and alleges as follows as his complaint ("Complaint") against Defendant Law School Admission Council ("Defendant" or "LSAC").

## NATURE OF THE CASE

1. This Complaint arises from Defendant's breach of contract with plaintiff Morley Cambridge Tatro dba Cambridge LSAT ("Tatro"). Tatro operates a sole proprietorship producing and selling preparation materials for the law school admission test ("LSAT") pursuant to a Licensing Agreement with defendant Law School Admission Council, Inc. ("Defendant"), the only company that publishes and administers the LSAT. Although Tatro complied with all of the demands and restrictions of Defendant while running a small, one-employee business, Defendant breached its contract with Tatro—which contract requires that Defendant provide its licensees, such as Tatro, with an opportunity to cure any breach within 30 days before a license may be terminated—by purporting to terminate its agreement with Tatro without providing Tatro with any cure period or any opportunity to cure. Once Tatro's website is cleared of actual LSAT test content, it would be difficult, if not impossible, to replace it (and difficult, if not impossible, to obtain the same caliber of test prep, since there is only one publisher of the LSAT and only one such test for admission to law school).

## PARTIES

2. Plaintiff Cambridge LSAT is a dba of Morley Tatro, maintains its principal place of business at 303 E. Elmwood Ave, Unit 304 Burbank, CA 91502-2695, and transacts business through the internet.

3. Upon information and belief, Defendant LSAC is a Delaware corporation with its principal place of business located at 662 Penn Street, Newtown, Pennsylvania 18940. LSAC is a not-for-profit organization that provides

1

CASE NO. 2:15-cv-07627-RGK-JEM
**FIRST AMENDED COMPLAINT**
Exhibit #3

1  admission-related services to law schools and their students, including, but not
2  limited to, the preparation of the LSAT.
3      4.  The true names and capacity of defendants named herein as Does 1
4  thru 50 inclusive, whether individual, corporate, associate or otherwise, are unknown
5  to Tatro who therefore sues such defendants by fictitious names pursuant to
6  California Code of Civil Procedures § 474.  Tatro will amend this complaint to show
7  the true names and capacities when they have been determined.
8      5.  Tatro is informed and believes, and thereon alleges, that at all times
9  mentioned herein, each of the defendants, including those fictitiously named, was
10 and now is the agent, employee, representative and alter ego of each of the
11 remaining defendants and in doing the things hereinafter mentioned was acting
12 within the scope of his, it, or her authority as such agent, employee, representative
13 and alter ego with the permission and consent of the remaining defendants.

## JURISDICTION AND VENUE

15     6.  Venue is appropriate in this Court inasmuch as (i) the parties have both
16 conducted business in the State of California and Tatro's residence and principal
17 place of business is located in the State of California, County of Los Angeles and (ii)
18 the contract at issue in this case was entered in the State of California.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

21     7.  Since 2009, Tatro has operated a sole proprietorship under the dba
22 Cambridge LSAT, by which he has produced and sold LSAT preparation materials
23 through the Cambridge LSAT website and other online retailers (such as, for
24 example, amazon.com), supporting his family with the earnings.
25     8.  Actual test questions from previously administered LSAT examinations
26 are required for Tatro's materials.  Upon information and belief, Defendant
27 purports to own the previously administered LSAT exams.  On or about October 1,
28

2

CASE NO. 2:15-cv-07627-RGK-JEM
**FIRST AMENDED COMPLAINT**

Exhibit #3

1  2009, and at all times thereafter relevant herein, Defendant licensed to Tatro the questions from the previously administered LSAT exams.

9. Tatro licensed these questions from LSAC pursuant to a written License Agreement and LSAT-Question Licensing Policy, both of which were drafted exclusively by Defendant and presented to Tatro for signature without negotiation on a "take it or leave it" basis. The current License Agreement provides, in the opening paragraph, that "[t]his license is subject to LSAC's LSAT-Question Licensing Policy…." Accordingly, the two must be read together and are referred to collectively herein as the "Licensing Agreement." Tatro signed the Licensing Agreement on June 15, 2015. Upon information and belief, Defendant amended its LSAT-Question Licensing Policy on June 4, 2015, which is the policy that was in effect with Tatro signed the License Agreement. A true and correct copy of the Licensing Agreement is attached hereto as Exhibit A.

10. The Licensing Agreement (specifically, Paragraph 5 of the LSAT-Question Licensing Policy at p.4) requires that Defendant provide its licensees, such as Tatro, with an opportunity to cure any breach within 30 days before a license may be terminated. Specifically, it provides that "LSAC may terminate any license in the event that a licensee violates a material term or condition of the license, which is not cured by the licensee within 30 days after receipt of written notice of such violation by LSAC." This policy was a material part of Tatro's willingness to sign the Licensing Agreement on June 15, 2015.

11. Defendant began imposing ever-increasing and burdensome requirements and restrictions on Tatro, all of which Tatro complied with while running his sole proprietorship business. For example, in late 2014, LSAC unilaterally changed its policy to require that the LSAT questions be made available only to students enrolled in LSAT preparation courses. To comply with this new

3

CASE NO. 2:15-cv-07627-RGK-JEM
**FIRST AMENDED COMPLAINT**
Exhibit #3

1 policy, Tatro implemented a self-study course and restricted purchase access only to
2 enrolled students, which LSAC indicated was acceptable.

3     12.    However, on August 4, 2015, Defendant breached the cure provision
4 of the Licensing Agreement as quoted in Paragraph 10 above by purporting to
5 terminate its Licensing Agreement with Tatro on the ground that Tatro allegedly
6 violated a material term or condition of the license, without providing Tatro with
7 any cure period or any opportunity to cure.

8     13.    Defendant has claimed that the Licensing Agreement allows it to
9 terminate without providing Tatro a cure period because Paragraph 2 of the License
10 Agreement provides that "[a]ny violation of any term or condition of this license
11 voids the license. In addition, LSAC may terminate this license at its sole discretion
12 at any time and for any reason." To the extent this language conflicts with that
13 quoted in Paragraph 10, above, the contract must be interpreted against Defendant,
14 as the party who drafted the Licensing Agreement, and the provision cited by
15 Defendant would render superfluous the language quoted in Paragraph 10, above,
16 which is more specific and thus controlling. Moreover, the Licensing Agreement is
17 ambiguous, and therefore may require extrinsic evidence to determine the proper
18 interpretation. In addition, the provision relied on by Defendant is procedurally and
19 substantively oppressive and unconscionable and thus unenforceable.

20     14.    An actual controversy has arisen and now exists between Tatro and
21 Defendant concerning their respective rights, duties and obligations pursuant to the
22 Licensing Agreement.

23     15.    Tatro contends that Defendant breached the material term of the
24 Licensing Agreement, specifically, Paragraph 5 of the LSAT-Question Licensing
25 Policy at p.4, when it purported to terminate the Licensing Agreement with Tatro
26 without giving Tatro a 30-day period within which to cure any alleged breach.

27
28

4

CASE NO. 2:15-cv-07627-RGK-JEM
**FIRST AMENDED COMPLAINT**

Exhibit #3

16. Tatro is informed and believes and thereon alleges Defendant disputes Tatro's contentions set forth in the preceding paragraph.

17. Tatro desires a judicial determination of the rights, duties and obligations of both Tatro and Defendant as set forth in the preceding two paragraphs.

18. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Tatro may ascertain his rights under the Licensing Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Tatro prays for judgment as follows:

A. For a judicial determination and declaration that Defendant did not properly terminate the Licensing Agreement, which remains in full force and effect.

B. For the costs of suit herein; and

C. Any other and further relief the Court considers proper.

Date: November 30, 2015         TATRO TEKOSKY SADWICK LLP


　　　　　　　　　　　　　　　　　/s/ *Rene P. Tatro*
　　　　　　　　　　　　　　　　By: René P. Tatro
　　　　　　　　　　　　　　　　Attorney for Plaintiff,
　　　　　　　　　　　　　　　　Morley Cambridge Tatro

# DEMAND FOR JURY TRIAL

Plaintiff Morley Cambridge Tatro DBA Cambridge LSAT hereby demands a trial by jury of this action.

Date: November 30, 2015          TATRO TEKOSKY SADWICK LLP

　　　　　　　　　　　　　　　　　　/s/ *Rene P. Tatro*
　　　　　　　　　　　　　　　　René P. Tatro
　　　　　　　　　　　　　　　　Attorney for Plaintiff,
　　　　　　　　　　　　　　　　Morley Cambridge Tatro

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2015, I electronically filed

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

**with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following**:

Monique E. Cho
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
mcho@morganlewis.com

Anita B. Polott
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
apolott@morganlewis.com

John V. Gorman
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
jgorman@morganlewis.com

          /s/ *Karen L. Roberts*
          Karen L. Roberts

Exhibit #3